[Cite as *State v. Johnston*, 2017-Ohio-7341.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NOS. 27335; 27336 |
| | : | |
| v. | : | T.C. NOS. 16-CR-1806; 15-CR-3370/1 |
| | : | |
| JODIE JOHNSTON | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ____25th____ day of _____August_____, 2017.

. . . . . . . . . . .

HEATHER N. JANS, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

MARK J. BAMBERGER, Atty. Reg. No. 0082053, P. O. Box 189, Spring Valley, Ohio 45370
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} This matter is before the Court on the November 8, 2016 consolidated Notices of Appeal of Jodie Johnston. In Case No. 2016 CR 1806, Johnston was convicted, following a guilty plea, on one count of aggravated possession of drugs (methamphetamine) (5 times bulk but < 50 times bulk), in violation of R.C. 2925.11(A), a

felony of the second degree. He received a sentence of 2 years. In Case No. 2015 CR 3370/1, Johnston was convicted, following guilty pleas, on one count of having weapons while under disability (prior drug conviction), in violation of R.C. 2923.13(A)(3), a felony of the third degree, and one count of aggravated possession of drugs (methamphetamine) (bulk but < 5 times bulk), in violation of R.C. 2925.11(A), a felony of the third degree, with an attendant one-year firearm specification.[1] He was sentenced to 24 months on each offense, to be served concurrently with each other and consecutively to the sentence imposed in Case No. 2016 CR 1806, along with an additional one year for the firearm specification, to be served consecutively to and prior to the definite term of imprisonment for an aggregate term of five years. Herein, Johnston asserts that he received ineffective assistance of counsel. We hereby affirm the judgment of the trial court.

{¶ 2} Johnston's plea hearing was held on September 21, 2016, where the following exchange occurred:

> MS. HENNE: Your Honor, in this case it's the State's understanding that in Case 15-CR-3370 the Defendant will be entering guilty pleas to Count II, which is having weapons under disability, and Count VII, which is aggravated possession of drugs * * * with the attached one year firearms specification to Count VII in that case * * *.

---

[1]In Case No. 2015 CR 3370, Johnston was originally indicted on December 2, 2015 on Count I, possession of fentanyl, in violation of R.C. 2925.11(A), Count II, having weapons while under disability, Count III, having weapons while under disability, Count VI, possession of fentanyl, in violation of R.C. 2925.11(A), and Count VII, aggravated possession of methamphetamine, with the attendant firearm specification. In Case No. 2016 CR 1806, Johnston was originally indicted on June 20, 2016, on Count I, aggravated possession of methamphetamine, and Count II, possession of heroin in violation of R.C. 2925.11(A).

THE COURT: And is - - Count VII, that's a felony of the third degree?

MS. HENNE: That is correct, Your Honor.

* * *

MS. HENNE: And in Case 16-CR-1806, it's the State's understanding that the Defendant will enter a guilty plea to aggravated possession of drugs, felony in the second degree. In exchange for that, there will be a dismissal of the possession of heroin, felony of the fifth degree.

From the State's point of view there is no agreement regarding sentencing, but it's also the State's understanding that the Court has agreed to - - that the Defendant will receive a five year prison sentence for the totality of these cases.

THE COURT: That is a correct statement.

Mr. Johnston, I'll structure this so that in both cases you receive a prison sentence of five years.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: And this is a mandatory prison term.

Do you understand that as well?

THE DEFENDANT: Yes.

* * *

THE COURT: All right. So with that all said, is this what you want

to do today?

THE DEFENDANT: Yes, sir.

* * *

{¶ 3} The court then determined that Johnston was 44 years old, that he graduated from high school, that he can read and write, that he was not under the influence of drugs or alcohol, that he did not have a mental or physical problem affecting his ability to understand the proceedings, and that his plea was voluntary and not based upon any threats or coercion. The following exchange then occurred:

THE COURT: Other than the promise regarding the dismissal of certain counts, and then my promise regarding what your sentence is going to be; certainly all important promises, but other than those promises, have any other promises been made to you to get you to enter your plea?

THE DEFENDANT: No, sir.

* * *

THE COURT: * * * And I'm going to go first to [Case No. 2016 CR 1806] to talk about the possible sentences involved, and fine and the like. On the - - in 16-CR-1806, the felony two, possession of drugs, the potential prison term is a prison term of anywhere from two years to eight years. You understand that?

THE DEFENDANT: Yes, sir.

THE COURT: But as I - - as indicated, the sentence I will structure will be five years. You understand that?

THE DEFENDANT: Yes.

* * *

THE COURT: * * * Going then to 25-CR-3370/1; as to Count II, the charge of having weapons under disability, that is a felony of the third degree. The potential term of incarceration is a period of nine months, twelve months, eighteen months, twenty-four months, thirty months, or thirty-six months.

Do you understand that?

THE DEFENDANT: Yes, sir.

* * *

THE COURT: And finally, going to Count VII, that's also a felony in the third degree on the underlying offense, and the - - again, the potential prison term for that offense is nine months, twelve months, eighteen months, twenty-four months, thirty months, or thirty six months.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And as it relates to that one year firearms specification, that means any sentence as to Count VII will be - - will be increased by one year, and that one year sentence has to be served consecutively to the underlying prison term.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE DEFENDANT: Does that mean that - -

MR. TURNER: It's not affecting the total, but by law - -

THE COURT: It's not going to - -

MR. TURNER: - - he has to explain that.

THE COURT: - - affect the five years, but it has to be - -

MR. TURNER: He has to - -

THE COURT: - - but I'm just telling you it has to - -

MR. TURNER: - - explain the way - -

THE DEFENDANT: Yes, sir.

MR. TURNER: - - it has to be - -

THE DEFENDANT: Yes, sir.

THE COURT: I mean I'll have to structure that so that that is taken into consideration, but it's not going to affect the overall sentence of five years.

THE DEFENDANT: Okay.

THE COURT: Do you understand that?

THE DEFENDANT: Yes, sir.

* * *

THE COURT: * * * And * * * you understand that as it relates to the felony of the second degree in 16-CR-1806, and also * * * as it relates to Count VII in 15-CR-3370/1, Count VII being again the aggravated possession of drugs with the one year firearms specification, that those are mandatory terms of imprisonment?

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And you will not be considered for community control sanctions, you cannot be. And again, we've agreed to a five year prison term.

THE DEFENDANT: Yes.

THE COURT: You understand all that? All right. * * *.

{¶ 4} The court then advised Johnston about post release control. Johnston acknowledged his understanding that a plea of guilty as to each count is a complete admission of guilt. The court advised Johnston of each of the constitutional rights he was giving up by pleading guilty. Johnston then entered his guilty pleas for each offense, and the court scheduled the sentencing hearing for October 19, 2016.

{¶ 5} Johnston asserts one assigned error herein as follows:

THE TRIAL DEFENSE COUNSEL WAS INEFFECTIVE BASED ON A FAILURE TO DEMAND DISCUSSIONS OF THE ALTERED SENTENCING ORDER.

{¶ 6} Johnston asserts as follows:

* * * In the case at bar, there was pronounced confusion as to the offenses to which Defendant-Appellant was pleading guilty and the resultant sentenced prison time to be served. When the initial sentencing was discussed between the Plaintiff's prosecutor and the Defendant-Appellant's legal counsel, a recommendation of two (2) years, inclusive of the one-year mandatory gun specification, was offered. The latter expressed that offer to the Defendant-Appellant and recommended its acceptance. The

Defendant-Appellant accepted same and there was an impression from the court that same would be read into the record as the court's sentence. Soon after this discussion, the Defendant-Appellant's legal counsel was told that the detectives on the case were unhappy about the "light sentence" that was being considered. The detectives the[n] acquired a warrant to retrieve further evidence and discussed same with the State prosecutor. The latter in turn discussed this "new evidence" with the Defendant-Appellant's counsel and the court, which led the latter to escalate the sentence from the perceived agreement of two (2) years to a new sentence of five (5) years.

Although the Defense counsel did a fine job throughout this process, he apparently neglected to voice concern about this confusion at final sentencing, since there is no record of such concern being voiced in the Sentencing Transcript of that October 19, 2016 hearing. Had he voiced such concern, it would have been preserved for the record for this appeal. This failure can and should be seen as ineffective counsel. Furthermore, under the *Bradley* Test, that lack of recorded concern may well have compromised the Defendant-Appellant's position in arguing for a lighter sentence during sentencing. The trial judge in this matter has a long history of fairness and compassion and, therefore, had such concern been voiced, it is quite likely that the sentence of five (5) years may have been tempered, or at the very least explained more extensively to the Defendant-Appellant.

History shows that the Defendant-Appellant's legal counsel was so

concerned about this confusion of what this client and he thought was an agreement between all parties that * * * within a week after the sentencing hearing of October 19, 2016, the counselor filed a Notice of Appeal to this court. He felt at the time and feels to this day that an injustice was done to the Defendant-Appellant due to confusion as to what the plea offer was at the time it was accepted.

{¶ 7} The State responds that "the record belies any indication of confusion on Johnston's behalf and even if trial counsel had raised a sentencing issue at the appropriate time, it would not have changed the outcome of the proceedings." According to the State, a "guilty plea waives the right to allege ineffective assistance of counsel, except to the extent that the errors caused the plea to be less than knowing and voluntary." The State asserts that Johnston "does not allege any errors in the Crim.R. 11 plea colloquy," and that "the trial court fully complied with Crim.R. 11." The State asserts that "Johnston was sentenced to the agreed five year prison term," and "nothing in the record demonstrates that had defense counsel objected at the time of sentencing, the trial court would have reached a different conclusion – particularly since the agreement for a five year prison term was with the trial court, not the prosecution." Finally, the State asserts that "[a]nything which may have occurred off the record regarding a two year plea should be raised in a petition for post-conviction relief, not a direct appeal, because that information is outside the record."

{¶ 8} "In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness and that, but for counsel's errors, the result of the proceeding would have

been different. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674." *State v. Stevens*, 2d Dist. Montgomery No. 19572, 2003-Ohio-6249, ¶ 33. " 'In general, only ineffective assistance of counsel relating to the plea proceeding, itself, will survive a plea of guilty or no contest.' *State v. Fitzgerald*, 2d Dist. Greene No. 2001-CA-124, 2002-Ohio-3914, ¶ 43." *State v. Mack*, 2d Dist. Montgomery No. 26749, 2016-Ohio-6958, ¶ 29.

{¶ 9} Johnston's argument is addressed to counsel's performance at his sentencing hearing, after Johnston entered his pleas, and not to his plea proceeding, and it accordingly fails. We note that the above exchange at the plea hearing makes clear that there was an agreed aggregate sentence of five years for both cases, and that Johnston acknowledged his understanding of the agreement. In his brief, Johnston further acknowledges that his "plea was taken voluntary [sic] and the court dutifully discussed the constitutional rights that the Defendant-Appellant was giving up by taking his plea." Accordingly, Johnson's assigned error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . . . .

HALL, P.J. and WELBAUM, J., concur.

Copies mailed to:

Heather N. Jans
Mark J. Bamberger
Hon. Eric Blaine